# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES MICHAEL STOKES, ) | |
| #324578, ) | CIVIL ACTION NO. 9:12-3007-CMC-BM |
| ) | |
| Petitioner, ) | |
| v. ) | |
| LEROY CARTLEDGE, ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on October 16, 2012.[1]

The Respondent filed a return and motion for summary judgment on January 18, 2013. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 23, 2013, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed memoranda in opposition on February 13, 2013 and March 26, 2013[2].

This matter is now before the Court for disposition.[3]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] Although the memoranda appear at initial glance to be identical except for the attachments to the second filing, the second filing also contains an additional paragraph at the bottom of page 12.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Procedural History**

Petitioner was indicted in October 2006 in Greenville County for safe cracking [Indictment No. 06-GS-23-9244], and in September 2007 for burglary second degree violent [Indictment No. 06-GS-23-9207]. (R.pp. 88-89, 91-92). Petitioner was represented by Dorothy Manigault, Esquire, and on January 23, 2008, after a bench trial, was found guilty as charged. (R.pp. 1-79). Petitioner was sentenced to fifteen (15) years imprisonment for the burglary conviction and twenty (20) years imprisonment, concurrent, for the safe cracking conviction. (R.p. 86).[4] Petitioner did not appeal his convictions or sentence.

On September 12, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Stokes v. State of South Carolina, No. 08-CP-23-6911. (R.pp. 94-114). Petitioner raised the following issues in his APCR:

    **Ground One**: Ineffective Assistance of Counsel.

    **Ground Two**: Denial of Due Process.

(R.p. 96).

Petitioner was represented in his APCR by Chase Harbin, Esquire, and an evidentiary hearing was held on Petitioner's application on May 27, 2010. (R.pp. 120-171). The PCR judge thereafter entered an order on August 2, 2010, denying Petitioner's APCR in its entirety. (R.pp. 276-283). Petitioner submitted a motion to alter or amend dated June 25, 2010, which was denied on August 3, 2010. (R.pp. 284-287).

---

[3](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4]As a result of these convictions, the State apparently chose to *nolle prosse* numerous other charges pending against the Petitioner. (R.pp. 115, 236-263).



2

Petitioner then timely filed a notice of appeal. Petitioner was represented on appeal by Kathrine H. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

> Did the PCR judge err in refusing to find counsel ineffective for failing to move for a directed verdict on the safe cracking charge based on the fact that the State failed to present evidence of "corpus delicti" required for the crime of safe cracking?

See Petition, p. 2.

On August 10, 2012, the South Carolina Supreme Court denied the petition. The Remittitur was issued on August 28, 2012. See Stokes v. State, order dated August 10, 2012; see also Remittitur dated August 28, 2012.

In his Petition for a writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

> **Ground One:** Deliberate Prosecutorial Misconduct (Defective Indictments)
>
> Supporting Facts: Petitioner argues the dates of his indictments indicate that the Grand Jury convened on are incorrect and not based on a lawfully and sworn-to indictment, which is tantamount to aggravated kidnapping; and a bar to all prosecution. Petitioner argued that his indictments make no mention of being returned in a court of common pleas. Petitioner is aware that civil matters are handled in Common Pleas Court and General Sessions matters are handled in General Sessions Court.
>
> **Ground Two:** Actual Innocence
>
> Supporting Facts: Petitioner argues that the State failed to produce any evidence of safecracking. The video of the burglary only shows theft of the safe and the safe was never recovered and the police report indicates that the victim could not identify a safe. Petitioner argues that he is not guilty of safecracking. Petitioner was not charged with theft of a safe.
>
> **Ground Three:** Denial of Right to Preliminary Hearing
>
> Supporting Facts: Petitioner argues that the Preliminary Hearing is a critical stage in any criminal case and that upon his arrest he submitted a timely "Notice of Right to Preliminary Hearing," that was clock stamped September 6, 2006. The hearing was scheduled for October 11, 2006, and petitioner wasn't indicted until September 18,



3

2007 and therefore entitled to his preliminary hearing. Petitioner's [sic] argues that trial counsel waived his preliminary hearing without his knowledge or con[s]ent. Petitioner argues that he was indicted twelve (12) months after his Preliminary Hearing was scheduled to take place. Petitioner argues that it is not possible that the Grand Jury convened on his indictments because both were returned when no court was in session.

**Ground Four:** Denial of Access to the Court (failure to honor right to have compulsory process at P.C.R. hearing)

Supporting Facts: Petitioner argues that on May 11, 2010 he wrote his P.C.R. Attorney H. Chase Harbin and advised him to subpoena Michelle Owens from the South Carolina Court Administration because she would testify that his indictments were defective. At the hearing, Mr. Harbin admitted to the letter, but stated that the subpoena issue was an issue for appeal. Mr. Harbin denied petitioner access to the court. (Failure to honor Discovery request)

See Petition, pp. 5-10.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful review of the state court filings and record, the undersigned finds that

4



Petitioner did not properly raise any of the issues asserted in this federal petition in his PCR appeal.[5] Because Petitioner did not properly raise and preserve these issues in his PCR appeal or other state court proceedings, they are barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the

---

[5]Petitioner did not file a direct appeal. In his PCR appeal, Plaintiff argued that his trial counsel was ineffective when moving for a directed verdict because she did not argue the state had failed to present evidence of "corpus delicti" with respect to the safecracking charge, and had therefore failed to preserve this claim. <u>See</u>, Petition, pp. 2, 7. That is not the same claim Petitioner now raises in Ground Two of this federal Petition, which is a free-standing claim of actual innocence and that he was therefore entitled to a directed verdict at trial based on the evidence. <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)). The claim asserted in Ground Two of this Petition, which would have been a direct appeal issue, is defaulted.

5



claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, because these issues were not pursued and *properly* exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner does not make any argument addressing his procedural default of these issues.[6] Petitioner does refer to ineffective assistance of PCR counsel in Ground Four of the Petition, although not in the context of procedural default. Rather, Petitioner raises that issue as a separate ground for relief. In any event, even if Petitioner had attempted to argue that he should still be allowed to pursue his Ground Four because any default of that claim is due to ineffective assistance of his PCR counsel, that argument would fail to provide him with any relief. Concededly, the United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467,

---

[6]Petitioner does, however, assert in Ground Two of his Petition that he is actually innocent. See discussion, infra.



494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Petitioner also argues that he is actually innocent, and that (presumably) a failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. However, cognizable claims of "actual innocence" are extremely rare and must be based on "factual



7

innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charge for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Rather, Petitioner simply contends there was lack of evidence to support his conviction, referring specifically to the safecracking charge. Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

Finally, the undersigned notes that in Ground Four of his Petition, Petitioner alleges denial of access to compulsory process in his PCR action because his counsel failed to subpoena a witness. However, this allegation does not concern Petitioner's underlying conviction. Rather, it concerns an alleged error relating to his apparent desire to have a witness appear in his state collateral proceedings. Such claims are not a basis for federal habeas relief, as Petitioner has no claim for ineffective assistance of PCR counsel. See, discussion, supra. The Respondent is also correct that



alleged infirmities in PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995), cert. denied, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]; Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief]. Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on this issue. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 3, 2013
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10

